**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 18 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEE V. QUILLAR, | No. 08-15414 |
| Plaintiff - Appellant, | D.C. No. CV-04-01203-FCD/KJM |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Argued and Submitted June 10, 2010
Pasadena, California

Before: TROTT and W. FLETCHER, Circuit Judges, and MAHAN, **
District Judge.

While in state custody in California, Lee Quillar received several

disciplinary citations for wearing a beard. Quillar has consistently maintained that

he wears the beard for religious reasons. The prison regulations Quillar violated

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The Honorable James C. Mahan, United States District Judge for the
District of Nevada, sitting by designation.

have since been amended such that Quillar's beard is no longer a violation. The disciplinary citations remain in Quillar's file. His primary claim before this court is for injunctive relief to expunge references to those citations from his file, based on the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The district court dismissed that claim for want of Article III jurisdiction. Quillar also appeals the district court's denials of his motion to appoint counsel and his motion to obtain limited discovery.

We hold that the district court has Article III jurisdiction over Quillar's claim for injunctive relief to expunge the disciplinary records. The government does not argue that Quillar's rights under RLUIPA were not violated when the discipline occurred. *See Warsoldier v. Woodford*, 418 F.3d 989 (9th Cir. 2005) (granting preliminary injunction of similar grooming regulation because of substantial likelihood of success on RLUIPA claim). That violation was an injury-in-fact sufficient for Article III standing. Quillar's claim is ripe because the potentially harmful references to his disciplinary citations are already in his file. Quillar's claim is not mooted by the change in prison regulations because the existence of the disciplinary records is "an ongoing 'effect'" of the RLUIPA violation. *See Norman-Bloodsaw v. Lawrence Berkeley Laboratory*, 135 F.3d 1260, 1275 (9th Cir. 1998).

2

We also hold that Quillar's claim for injunctive relief is not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Quillar alleges that the prison violated his RLUIPA rights when it disciplined him. This is not a challenge to "the fact or duration of his confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).

We remand Quillar's RLUIPA claim for expungement to the district court for further proceedings consistent with this disposition.

The district court did not abuse its discretion when it denied Quillar's motion for appointment of counsel. However, we suggest that the district court consider appointing counsel on remand, given the nature of the legal questions presented.

The district court did not abuse its discretion when it denied Quillar's motion for limited discovery.

In sum, we reverse and remand as to the district court's dismissal, for lack of jurisdiction, of Quillar's RLUIPA claim for injunctive relief. We affirm the district court as to the motion to appoint counsel and as to the motion for limited discovery. Each party shall bear its own costs on appeal.

**REVERSED**, in part, **AFFIRMED**, in part, and **REMANDED**.